CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JAN 2 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN McCLELLAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:09cv00020 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRAXTON, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Jeffrey Allen McClellan, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. McClellan has also requested to proceed in forma pauperis.

According to court records, McClellan has filed at least three actions in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, McClellan may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McClellan has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 28th day of January, 2009.

United States District Judge

---

[1] See McClellan v. Smith, Civil Action No. 7:96cv01004 (W.D. Va. Dec. 23, 1996) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); McClellan v. Smith, Civil Action No. 7:97cv00087 (W.D. Va. Feb. 6, 1997) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); McClellan v. Hicks, Civil Action No. 3:97cv00069 (E.D. Va. Sept. 29, 1997) (dismissed as frivolous); McClellan v. Trent, Civil Action No. 3:98cv00429 (E.D. Va. Dec. 9, 1998) (dismissed as frivolous); and McClellan v. Bassett, Civil Action No. 7:06cv00426 (W.D. Va. July 25, 2006) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim).

[2] McClellan alleges that the defendants have violated his constitutional rights by limiting the number of grievances he can have each week. However, an inmate has no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, the court finds that McClellan's allegations fail to demonstrate that he is under imminent danger of serious physical harm.

[3] The court has previously notified McClellan that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give McClellan additional time to pay the filing fee or amend his complaint.